```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
UNITED STATES OF AMERICA         :      MEMORANDUM DECISION
                                             & ORDER
     - against -                  :
                                         06 Cr. 987-1 (DC)
ANGEL MARTINEZ,                   :

                Defendant.        :

- - - - - - - - - - - - - - - - - -x
```

**CHIN, Circuit Judge:**

Before this Court is defendant Angel Martinez's pro se motion for imposition of a reduced term of imprisonment pursuant to Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132. Stat. 5194, 5222 (2018).  Liberally construing the motion, see United States v. Pilcher, 950 F.3d 39, 44 (2d Cir. 2020), Martinez asks to be appointed counsel and granted a hearing at which he will be resentenced.  For the reasons set forth below, his motion is DENIED.

## BACKGROUND

Martinez shot and killed Herbert Ortiz on November 2, 1992 because Ortiz was selling drugs on Martinez's "turf."  See United States v. Martinez, 953 F. Supp. 2d 514, 516 (S.D.N.Y. 2013)  After murdering Ortiz, Martinez led a narcotics operation for the next 14 years during which his organization distributed approximately one kilogram of crack cocaine every week, netting

Martinez a weekly profit of approximately $13,000.  Id.  With the help of a cooperating witness, Martinez was indicted on October 17, 2007 for conspiring to distribute and possess with intent to distribute fifty grams and more of crack cocaine, in violation of 21 U.S.C. § 846 ("Count One"), and conspiracy to commit murder in furtherance thereof, in violation of 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2 ("Count Two").  Id.  On October 29, 2009, a jury convicted Martinez on both counts, and, on February 17, 2010, I sentenced Martinez principally to a term of life imprisonment.  Id. at 516-17.

On May 3, 2012, Martinez filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on the grounds that he was provided ineffective assistance of counsel, there was insufficient evidence to support his murder conviction, and there were sentencing errors.  Id. at 516.  I denied his motion in an opinion on July 18, 2013.  Id. at 524.  He now moves pro se for a sentence reduction pursuant to the First Step Act.

## DISCUSSION

Although as a general matter courts "may not modify a term of imprisonment once it has been imposed," 18 U.S.C. § 3582(c), courts may "modify an imposed term of imprisonment to

the extent . . . permitted by statute," id. § 3582(c)(1)(B).  In 2018, Congress passed the First Step Act, which made retroactive the Fair Sentencing Act of 2010.  Pub. L. No. 115-391, § 404, 132. Stat. 5194, 5222 (2018).  Section 2 of the Fair Sentencing Act increased the threshold quantity of crack cocaine necessary to trigger the ten-year mandatory minimum period of incarceration under 21 U.S.C. § 841(b)(1) from 50 grams to 280 grams.  See Dorsey v. United States, 567 U.S. 260, 269 (2012).

Pursuant to Section 404 of the First Step Act, "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if section[] 2 . . . of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed."  Pub. L. No. 115-391, § 404(b), 132. Stat. 5194, 5222 (2018).  Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010."  Id. at § 404(a).

Martinez is eligible to seek relief under section 404 of the First Step Act because the penalties associated with the statute of conviction on Count One are among those amended by the Fair Sentencing Act of 2010.  Moreover, he committed a "covered offense" before August 3, 2010.  Id.  At the time of

-3-

the commission of the offense and sentencing, Martinez's conspiracy to distribute 50 grams or more of cocaine base fell under 21 U.S.C. § 841(b)(1)(A)(iii), which provided a mandatory minimum of ten years' imprisonment.  As amended by the Fair Sentencing Act of 2010, the mandatory minimum on Count One is five years' imprisonment.  See 21 U.S.C. § 841(b)(1)(B)(iii).

Though a defendant may be eligible for a reduced sentence, the Court is not required to grant relief.  Section 404(c) of the First Step Act provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section."  Here, the Guideline range continues to be life because Martinez was convicted of conspiracy to commit murder.  As outlined in my 2013 decision, there was ample evidence to support this conviction.  Martinez, 953 F. Supp. 2d at 521-22.  The reduction of the mandatory minimum from ten years to five years with respect to Count One does not impact the Guidelines range, which remains life.  Indeed, Count Two -- the murder count -- still carries a mandatory minimum sentence of twenty years and a Guidelines range of life imprisonment.  See Orig. PSR at 22.  Accordingly, the motion for resentencing is DENIED.

    The Clerk of Court is directed to mail this order to Martinez and the Government at the addresses listed below.

    SO ORDERED.

Dated: New York, New York
     July 23, 2020

              ___s/Denny Chin_____
              DENNY CHIN
              United States Circuit Judge
              Sitting by Designation


To:  Angel Mendez
    USM #: 59541-054
    FCI Allenwood Medium
    P.O. Box 2000
    White Deer, Pennsylvania 17887

    United States Attorney's Office
    Southern District of New York
    One St. Andrew's Plaza
    New York, New York 10007