UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                          :

                - v-                          :          **MEMORANDUM DECISION**

ANGEL MARTINEZ,                          :          06 Cr. 987-1 (DC)

                Defendant.          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CHIN, Circuit Judge:

       Before this Court is defendant Angel Martinez's *pro se* emergency motion

for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), as modified by the First

Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).  Dkt. No. 168 ("Def. Mem.").

He contends that his risk of contracting COVID-19 again, his other health issues, and his

rehabilitation efforts constitute "extraordinary and compelling" circumstances

warranting compassionate release.  Def. Mem. at 6-10; Dkt. No. 169 at 4; Doc. 170 at 1-2.

For the reasons set forth below, the motion is denied.

## BACKGROUND

       The facts are set forth in detail in my July 18, 2013 opinion denying

Martinez's motion to vacate, set aside, or correct his sentence.  Here, I repeat only the

most salient facts.

Martinez was involved with a crack distribution organization from 1991 to November 2006.  Presentence Investigation Report ("PSR") ¶¶ 2, 18.  On November 2, 1992, in furtherance of the narcotics conspiracy, Martinez shot and killed a rival drug dealer, Herbert Ortiz.  *Id.* ¶¶ 3, 50.  The murder helped Martinez transform his organization into a substantial narcotics operation, and he was at its helm.  *United States v. Martinez*, 953 F. Supp. 2d 514, 516 (S.D.N.Y. 2013).  Distribution eventually reached a kilogram a week, netting Martinez a weekly profit of approximately $13,000.  *Id.*

On October 29, 2009, a jury convicted Martinez on two counts: (1) conspiracy to distribute and possess with intent to distribute 50 grams and more of crack cocaine, in violation of 21 U.S.C. § 846 ("Count One"), and (2) conspiracy to commit murder in furtherance thereof, in violation of 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2 ("Count Two").  PSR ¶¶ 2-3.  On February 17, 2010, I sentenced Martinez principally to a term of life imprisonment.  *Martinez*, 953 F. Supp. 2d at 517.

Martinez appealed his convictions, and the Second Circuit affirmed the judgment in all respects.  *United States v. Martinez*, 419 F. App'x 34, 38 (2d Cir. 2011) (summary order).

On May 3, 2012, Martinez filed a motion to vacate, set aside, or correct his sentence on the grounds that he was provided ineffective assistance of counsel, there was insufficient evidence to support his conspiracy to commit murder conviction, and

there were sentencing errors.  *Martinez*, 953 F. Supp. 2d at 516.  I denied that motion in

an opinion dated July 18, 2013.  *Id.*

   Martinez next moved for a sentence reduction pursuant to the First Step

Act.  *See* Dkt. No. 165 at 2-3.  On July 23, 2020, I denied his motion.  *Id.* at 4.

   On February 28, 2021, Martinez filed the instant motion, seeking

compassionate release in light of the COVID-19 pandemic.  Def. Mem. at 1.  Martinez,

now 51 years old, seeks to reduce his sentence of life imprisonment to 20 years, or time

served, or to serve the remainder of his sentence on house arrest.  *Id.* at 2.  He has been

in custody since November 21, 2006.  PSR at 2.

## DISCUSSION

### 1.  Applicable Law

   Section 3582(c)(1)(A) provides that a court may reduce a sentence if

extraordinary and compelling reasons are shown.  18 U.S.C. § 3582(c)(1)(A).  Courts

were previously bound by U.S. Sentencing Guidelines Manual § 1B1.13, which limited

the reasons that qualified as extraordinary and compelling.  *United States v. Brooker*, 976

F.3d 228, 230 (2d Cir. 2020).[1]  The Second Circuit has now held, however, that district

courts are free to "consider the full slate of extraordinary and compelling reasons that

an imprisoned person might bring before them in motions for compassionate release."

---

[1]  Pursuant to the Sentencing Guidelines, extraordinary and compelling reasons were
limited to:  the medical condition of the defendant, the age of the defendant, family
circumstances, and other reasons determined by the BOP.  U.S. Sentencing Manual § 1B1.13, n.1.

*Brooker*, 976 F.3d at 237; *see United States v. Pellegrino*, 492 F.Supp.3d 65, 69 (E.D.N.Y. 2020).  Thus, a district court has broad discretion in considering what circumstances constitute extraordinary and compelling reasons.  *Id.*

The existence of "extraordinary and compelling reasons" for a reduction, however, does not mean that a district court must release the defendant.  *See United States v. Ebbers*, 432 F. Supp. 3d 421, 430 (S.D.N.Y. 2020).  Rather, § 3582(c)(1)(A) provides that a court "may" reduce a sentence if "extraordinary and compelling reasons" are shown, and thus a district court has the discretion to grant or deny a request for compassionate release even if a defendant is otherwise eligible.  *See United States v. Israel*, 2019 WL 6702522, at *11 (S.D.N.Y. Dec. 9, 2019) ("A court is not required to reduce a sentence on compassionate release grounds, even if a prisoner qualifies for such reduction because of his medical condition . . . .").  If a defendant qualifies for a reduction, the court must decide whether to grant the reduction by weighing the factors set forth in § 3553(a), to the extent they are applicable.  *See id*. at *2.  These include:  the nature and circumstances of the offense; the defendant's history and characteristics; the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense and adequate deterrence; and the need to avoid unwarranted disparities in sentences.  18 U.S.C. § 3553(a).

On a motion for compassionate release, the defendant bears the burden of showing that a reduction is warranted.  *See United States v. Patterson*, 2020 WL 2571044,

4

at *2 (S.D.N.Y. May 21, 2020); *Ebbers*, 432 F. Supp. 3d at 426-27; *see also United States v.*

*Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal and

presumptive access to proof on a given issue normally has the burden of proof as to that

issue.").

## 2.    Application

Section 3582(c)(1)(A) does not define "extraordinary and compelling

reasons."  Rather, in weighing a motion for compassionate release, the Court has broad

discretion to consider reasons beyond those listed in the Sentencing Guidelines,

including "the severity of [the defendant's] sentence," *United States v. Vargas*, 502

F.Supp.3d 820, 827 (S.D.N.Y. 2020), the defendant's "age at the time of his crime and the

sentencing court's statements about the injustice of his lengthy sentence," and "the

present coronavirus pandemic, which courts around the country . . . have used as a

justification for granting some sentence reduction motions," *Brooker*, 976 F.3d at 238.

Where "no single factor alone" may justify release, the total circumstances may still rise

to the level of extraordinary and compelling reasons for release.  *Vargas*, 502 F.Supp.3d

at 821 (finding that, in combination, the defendant's rehabilitation, harsh sentence,

medical issues, the pandemic, and intention to care for his mother were extraordinary

and compelling reasons).

In September 2020, Martinez contracted COVID-19, and his symptoms

were mild.  Def. Mem. at 6-7.  Some courts have held that incarcerated individuals who

have already contracted COVID-19 no longer face extraordinary and compelling

circumstances due to the pandemic.  *See United States v. Hardy*, 2020 WL 7711676, at *2

(S.D.N.Y. Dec. 29, 2020); *United States v. Binday*, 2020 WL 4017822, at *6 (S.D.N.Y. July

16, 2020).  Nevertheless, Martinez asserts (albeit in conclusory fashion) that he is at risk

of contracting the virus again.  Martinez also argues that he has a number of other

underlying health conditions that provide extraordinary and compelling reasons to

release him.  Def. Letter 5-7; Dkt. No. 170 at 1-2.  Even assuming that Martinez is at a

heightened risk of contracting COVID-19 again and that extraordinary and compelling

circumstances exist, the § 3553(a) factors still weigh heavily against compassionate

release.

      I acknowledge that Martinez has taken great steps to rehabilitate himself

during his 15 years of imprisonment:  he has (1) avoided getting into any fights;

(2) earned his GED and acquired various licenses and certifications; (3) gained

experience in floor stripping, waxing and maintenance, baking, and electronic recycling;

and (4) taken all available psychology programs to improve his mental health.  *See* Dkt.

No. 169 at 4.  But his rehabilitation efforts are outweighed by the nature and seriousness

of his offenses.  Martinez murdered a rival drug dealer in furtherance of his narcotics

operation.  *Martinez*, 953 F. Supp. 2d at 516.  For the next 14 years, Martinez led the

narcotics operation that at times distributed approximately one kilogram of crack

cocaine every week.  *Id.*  His total offense level of 45 was literally off the Guidelines

chart, resulting in a Guidelines range of life.  *Id.* at 524.  Further, his instant offenses represented his sixth criminal conviction, and he committed them while on probation, evincing a disregard for the rule of law.  PSR ¶¶ 50, 78-86, 89-90.

The remaining time on Martinez's sentence also weighs against compassionate release.  Martinez was sentenced to life imprisonment but has served less than 15 years.  Given Martinez's egregious act of taking another person's life, and the seriousness of his offense conduct, such a substantial sentence reduction would undermine respect for the law and the need for a just sentence, and the sentence imposed would lose much of its deterrent effect.

## CONCLUSION

For the reasons set forth above, Martinez's motion for compassionate release is DENIED.

SO ORDERED.

Dated:      New York, New York
            August 2, 2021

s/ Denny Chin                                    
DENNY CHIN
United States Circuit Judge
Sitting by Designation